UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 04-20642-659 |
| ROBERT L. STEWART, JR., and ) | |
| PATRICIA R. STEWART, ) | Chapter 11 |
| ) | |
| Debtors. ) | |
| ) | |
| COMMUNITY STATE BANK, ) | Adversary No. _____ |
| ) | |
| Movant, ) | David A. Lander, #3635 |
| ) | Seth A. Albin, #83290 |
| v. ) | Mary Catherine Hodes, #507027 |
| ) | THOMPSON COBURN LLP |
| ROBERT L. STEWART, JR., and ) | One US Bank Plaza |
| PATRICIA R. STEWART, ) | St. Louis, MO 63101 |
| ) | Phone (314) 552-6000 |
| Respondents. ) | Fax (314) 552-7000 |

**COMPLAINT FOR DETERMINATION OF
NON-DISCHARGEABILITY OF INDEBTEDNESS UNDER 11 U.S.C. § 523**

COMES NOW Community State Bank ("CSB"), by and through counsel, and states as follows for its Complaint against Debtors Robert L. Stewart, Jr., and Patricia R. Stewart, for a determination of non-dischargeability of indebtedness under 11 U.S.C. § 523(a)(6):

**I. PARTIES, JURISDICTION AND VENUE**

1. Debtors Robert L. Stewart, Jr., and Patricia R. Stewart ("Debtors") are the subject of the above-referenced Chapter 11 bankruptcy proceeding, voluntarily commenced on November 4, 2004 (the "Petition Date").

2. CSB is a pre-petition creditor of Debtors holding a claim secured by real property and livestock and party-in-interest herein.

3. This Court has jurisdiction to hear and determine this proceeding pursuant to 28 U.S.C. §§ 1334, 157(a), 157(b)(1) and 157(b)(2)(I), 11 U.S.C. § 523, and Fed. R. Bankr. Pro. 7001. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

3055412.01

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

5. By order entered November 19, 2004, the Court has fixed February 14, 2005, as the last date for CSB to file a complaint in this Case to determine whether claims by CSB against Debtors are non-dischargeable. Consequently, this Complaint is timely filed.

## II. BACKGROUND

6. On May 28, 2002, Debtors borrowed $35,000 from CSB (Loan # 42675). The debt was secured by an interest in all livestock now owned or hereafter acquired by Debtors, including but not limited to 28 mixed cows with an average weight of 1,000 lbs., 2 bulls with an average weight of 1200 lbs., 12 calves, and "all cattle to be purchased." CSB perfected its interest by recording a proper UCC Financing Statement with the Office of the Missouri Secretary of State. A true and correct copy of the loan documents for Loan # 42675 is attached hereto and incorporated herein as **Exhibit 1**.

7. At the first Meeting of Creditors, on December 16, 2004, Debtors testified that as of the date of the meeting, they owned only one calf.

8. When asked at the meeting what became of the remaining cattle, Mr. Stewart testified that Debtors had sold some cattle in December of 2003, some in the Spring of 2004, and approximately 35 head of cattle in late July of 2004.

9. Mr. Stewart also testified that in July 2004, Debtors received approximately $25,000 in consideration for their 35 head of cattle.

10. Mr. Stewart further testified that Debtors deposited the proceeds of the sale of cattle at Perry State Bank and used the funds to pay bills to creditors other than CSB, as well as to pay family living expenses.

11. When asked, Mr. Stewart admitted that he knew that CSB held a lien on the cattle he sold, and admitted that knowingly and purposefully made no attempt to repay any indebtedness to CSB with the proceeds from the cattle sales.

12. At the same meeting, counsel for Debtors acknowledged that both counsel and Debtors knew that Debtors had sold the cattle out of trust.

13. On the Petition Date, Debtors owe CSB the sum of $35,020.14 in principal and interest on the cattle loan. Since the Petition Date, interest on the loan has accrued at a rate of 7 percent per annum.

14. Because of Debtors' sales of cattle out of trust, CSB is, with the exception of one remaining calf, unsecured with respect to the cattle loan.

### III. BASIS FOR RELIEF
(CLAIM UNDER 11 U.S.C. § 523(a)(6))

15. Section 523(a)(6) of the Bankruptcy Code provides, in relevant part:

> (a) A discharge under section 727 [or 1141] of this title does not discharge an individual debtor from any debt---
> . . .
> (6) for willful and malicious injury by the Debtor to another entity or the property of another entity. . . .

16. Debtors intentionally, in conscious disregard for the rights of CSB and for the loan agreement, and without just cause or excuse, sold the cattle that secured their indebtedness to CSB, and made no attempt to repay CSB with the proceeds.

17. By intentionally selling the cattle out of trust, Debtors willfully and maliciously caused injury to CSB by eliminating the Bank's recourse to the cattle's value for repayment of the cattle loan, which was provided for in the loan agreement.

18. Debtors' misconduct constitutes a tortious transfer of Community State Bank's property. See In re Recker, 180 B.R. 540, 543 (Bankr. E.D.Mo. 1995).

19. Such conduct by Debtors constitutes a willful and malicious injury within the meaning of 11 U.S.C. § 523(a)(6). See In re Recker, 180 B.R. at 543 (holding that debtor's sale of wheat subject to a security interest constituted willful and malicious injury to the secured creditor under section 523(a)(6)) (applying In re Long, 774 F.3d 875 (8th Cir. 1985)); see also In

re Thompson, 316 B.R. 326, 329-30 (Bankr. W.D.Mo. 2004) (holding that debtor's sale of cattle subject to a security interest constituted willful and malicious injury to the secured creditor under section 523(a)(6)) (applying In re Long, 774 F.3d 875 (8th Cir. 1985)).

20. Consequently, under the circumstances at hand, the indebtedness of Debtors to Community State Bank as and for the cattle loan and the balance due under the cattle loan is non-dischargeable under 11 U.S.C. § 523(a)(6).

### IV. CONCLUSION

**WHEREFORE**, Plaintiff Community State Bank respectfully requests that this Honorable Court enter judgment in its favor and against Defendants Robert L. Stewart, Jr., and Patricia R. Stewart:

(A) finding that the indebtedness of Debtors to Community State Bank under the cattle loan (consisting of principal and interest at the time of filing, as well as interest accrued post-petition) is non-dischargeable under 11 U.S.C. § 523(a)(6); and

(B) granting such other relief as the Court deems just and equitable.

Respectfully submitted,

THOMPSON COBURN LLP

By */s/ Seth A. Albin*
　　David A. Lander, #3635, MO # 20828
　　dlander@thompsoncoburn.com
　　Seth A. Albin, #83290, MO # 46483
　　salbin@thompsoncoburn.com
　　Mary Catherine Hodes, #507027, MO #56386
　　mhodes@thompsoncoburn.com
　　One US Bank Plaza
　　St. Louis, Missouri  63101
　　314-552-6000
　　FAX 314-552-7000

Attorneys for Community State Bank